## In Re Anonymous No. 8 D.B. 79

Disciplinary Board Docket No. 8 D.B. 79.

To the Honorable Chief Justice and Justices
of the Supreme Court of Pennsylvania:

MUNDY, *Member*, February 1, 1985—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter re-

ferred to as Disciplinary Board), submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [      ], was suspended from the practice of law by order of the Supreme Court of Pennsylvania on March 28, 1979 pursuant to Rule 214(a) of the Rules of Disciplinary Enforcement. That order followed petitioner's plea of guilt to a single count of an indictment charging him with violation of Title 18 of the United States Code, Section 203, which forbids receipt of compensation while a member of Congress for services rendered before a Federal Agency. The matter was remanded to the Disciplinary Board for specific findings and recommendations for the purpose of determining the extent of final discipline to be imposed.

As the result of his guilty plea, [petitioner] had been sentenced to five years probation commencing February 24, 1979, ordered to pay a fine of $10,000, and further ordered not to hold any federal office of honor, trust or profit. The matter was assigned to Disciplinary Hearing Committee [      ] for the purpose of holding evidentiary hearings on the issue of appropriate discipline. The hearing committee recommended respondent be suspended from the practice of law for a period of four years retroactive to the date of the original order entered by the Supreme Court. One member of the hearing committee, the undersigned, to whom this matter has now been assigned as a member of the Disciplinary Board of the Supreme Court of Pennsylvania, dissented in favor of a lesser form of discipline.

The Disciplinary Board recommended that petitioner be suspended from the practice of law for a

period of three years retroactive to the date of the court's original order. However, the Supreme Court of Pennsylvania issued a rule to show cause why respondent should not be disbarred on September 25, 1981, and heard oral argument on the matter on January 19, 1982. Thereafter, in an opinion issued by Chief Justice O'Brien, the court ordered respondent to be suspended from the practice of law for a period of five years retroactive to the date of the original suspension, March 28, 1979.

The instant petition for reinstatement was filed on May 8, 1984 with the Office of the Secretary of the Disciplinary Board. Pursuant to the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board referred the matter to hearing committee [    ] (hereinafter referred to as committee), comprised of [    ].

Following appropriate notice, the committee conducted hearings in connection with the instant petition for reinstatement on July 5, 1984 and July 20, 1984. Petitioner was represented at these hearings by [A], Esq. who had represented [petitioner] throughout his original suspension proceedings. In its report issued on December 6, 1984, the committee by its Chairperson, [    ], Esq. unanimously and emphatically recommended petitioner's reinstatement to the practice of law. On December 13, 1984, the Office of Disciplinary Counsel issued a letter advising that it would not file a brief on exceptions to the report of the hearing committee. This board unanimously recommends that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the Bar of the Supreme Court

of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Petitioner had been admitted to the practice of law before the Supreme Court of Pennsylvania on January 3, 1949. He had been a member of the Bar of the Supreme Court of the United States since 1959. He had served as an Assistant District Attorney under the late [B] from 1952 to 1954. Thereafter, he served six consecutive terms as a member of the Pennsylvania House of Representatives from 1954 to 1966. He was elected to the United States Congress as a member of the House of Representatives in 1967, and served continuously in that capacity until 1978. While a member of the General Assembly of Pennsylvania, as well as when he was a Congressman, he engaged part-time in the private practice of law.

During his latter years as a congressman he was a partner in the firm of [petitioner], [C] and [D]. His conviction came about as the result of his participation in a legal fee generated by [C's] representation of the [E] Hospital before the [F] Association, a federal agency. [petitioner] was the first and only member of Congress ever to be indicted under the particular section of the United States Code dealing with conflict of interest. He pled guilty to a single count of this indictment and was sentenced to serve a five year probationary period.

During the original disciplinary hearing, his former law partner [D] testified under oath that it was his accounting error which led to petitioner's receipt of the unlawful monies. His other former partner [C], who actually performed the legal work at issue, testified under oath that to the best of his knowledge [petitioner] knew nothing of [C's] involvement before that particular federal agency. Nevertheless, [petitioner] has accepted responsibility for this wrongful act and was found by the reinstatement hearing committee to have expressed "genuine grief and remorse" for his conduct.

During the course of the evidentiary hearing on reinstatement, the committee heard from numerous witnesses who unequivocally voiced their approval of the proposed readmission of petitioner to the Board of the Supreme Court of Pennsylvania. These witnesses came from varied backgrounds and included some of our most distinguished citizenry. Many knew petitioner for a period of 20 years or longer and were well qualified to testify on the subject of the effect of his conviction and subsequent suspension from the practice of law on his reputation in the community in general, and on the community's opinion of his fitness to return to practice in particular. Each testified unequivocally that [petitioner] enjoys an excellent reputation in the community despite his conviction and suspension and is in general considered to be possessed of a high degree of moral character and integrity. They included a former judge, the Honorable [G], a former Chancellor of the [    ] Bar, [H], Esq. a physician, [I], M.D., a Methodist clergyman and Professor of Religion at [    ] University, the Reverend [J], civic leaders [K] and [L], Esq. former District Attorney [M], Esq. and numerous other lawyers and community leaders.

In all, 29 individuals came forward to give testimony in support of [petitioner's] petition for reinstatement. One individual, who had learned of this proceeding from a newspaper article, appeared at the hearing as a concerned citizen to voice his objection to reinstatement because of his belief that such action would damage the public's confidence in the legal profession. On the basis of this testimonial evidence, the hearing committee found strong evidence that despite his conviction and suspension [petitioner] is thought by his contemporaries to be in all respects well qualified to resume the practice of law.

During the period of his suspension, [petitioner] was employed as a salesman for several different concerns and as Executive Director of [N]. He also served as a volunteer with the [O] Service and at Contact, the [P] telephone ministry. He attended legal seminars sponsored by the [ ] Law Library in [ ], the Pennsylvania Bar Institute, and the [ ] Bar Association. On a regular one day a week basis he visited the law office of [Q], Esq. where he read state and local advance sheets and performed other paralegal tasks such as legal research, drafting legal memorandums, and drafting complaints. All of these services were performed on a voluntary basis. Petitioner received no compensation from [Q] and did not have any direct client contact.

In light of the foregoing, and giving consideration to the fact that the Office of Disciplinary Counsel has determined not to oppose the instant petition for reinstatement by virtue of a letter to that effect issued on December 13, 1984, this board agrees that petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania. Accordingly, we adopt in toto the findings of fact and conclusions of law of hearing committee [ ].

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

1. Petitioner, [   ], has the competency and learning in the law required for re-admission to the practice of law in the Commonwealth of Pennsylvania.

2. Petitioner, [   ], has the moral qualifications for re-admission to the practice of law in the Commonwealth of Pennsylvania.

3. Petitioner, ['s], resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

4. Petitioner, [   ], should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania.


## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and further recommends that this honorable court direct that all expenses incurred by the Disciplinary Board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner. A statement of such expenses is appended to the instant report.

## ORDER

NIX, C.J., And now, this February 28, 1985, the Recommendation of the Disciplinary Board dated February 1, 1985, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 28(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.